IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Allyn Bridgeman,                          :
                                                :
                      Petitioner                :
                                                :
              v.                                :  No. 1347 C.D. 2024
                                                :  Submitted: December 8, 2025
Pennsylvania Parole Board,                      :
                                                :
                      Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  February 5, 2026

        Daryl Allyn Bridgeman (Inmate) petitions for review from an order of
the Pennsylvania Parole Board (Board) that denied his request for administrative
review challenging the calculation of his parole violation maximum date.  For the
reasons that follow, we affirm in part and reverse and remand in part.

        On April 15, 2021, Inmate was released on parole, with a maximum
sentence date of March 26, 2025.  Certified Record (C.R. at 7).  On July 16, 2021,
Inmate was detained for parole revocation proceedings.  *Id.* at 19.  On July 30, 2021,
the Board issued a decision holding the parole revocation proceeding in abeyance
and detaining Inmate pending completion of programming.  *Id.* at 20.  Inmate was
released from detention on November 3, 2021.  *Id.* at 21.

        On March 11, 2023, Inmate was driving under the influence of alcohol,
was involved in a crash, and was charged with new criminal offenses.  C.R. at 30,

39-45. On March 27, 2023, the Board issued a decision declaring Inmate delinquent, effective March 16, 2023. *Id.* at 22. Inmate was detained on May 26, 2023. *Id.* at 23. On June 22, 2023, the Board issued a decision that detained Inmate pending resolution of criminal charges and recommitted him as a technical parole violator (TPV) for failing to report as instructed. *Id.* at 24-26.

On October 10, 2023, Inmate pled guilty to driving under the influence and received a county sentence of 3 to 23 months' incarceration. C.R. at 49, 52, 78. On October 13, 2023, Inmate executed a "waiver of revocation hearing and counsel/admission form," thereby waiving his right to counsel and admitting that his new conviction violated his parole. *Id.* at 32.

On November 6, 2023, the Board mailed a decision recommitting Inmate as a convicted parole violator (CPV). C.R. at 28-29. The November 6, 2023 decision established a parole violation maximum date of May 27, 2027, and informed that the Board did not award Inmate credit for time at liberty on parole because "[Inmate] absconded while on parole supervision" and "[Inmate's] behavior reflects domestic violence issues . . . ." *Id.*

Inmate filed a request for administrative relief that was ultimately denied by the Board on September 13, 2024. C.R. at 90-92. Inmate then filed a counseled petition for review with this Court.

In his appeal to this Court,[1] Inmate asserts that the Board erred in denying him credit for time spent at liberty on parole, asserting that the Board's stated reasons are not supported by substantial evidence. Specifically, Inmate argues

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. *White v. Pennsylvania Parole Board*, 276 A.3d 1247, 1255, n. 7 (Pa. Cmwlth. 2022).

2

that there is no support in the record for the Board's conclusion that he absconded while on parole supervision or that his behavior reflected a domestic violence issue that warranted denying credit.

With regard to the Board's conclusion that he absconded while on parole, Inmate contends that his supervision history reflects that his parole agent was notified by Commonwealth Clinical Group on March 17, 2023, that Inmate was in rehab at Malvern Institute. C.R. at 37. Despite receiving confirmation of Inmate's whereabouts, the Board nevertheless issued an administrative action on March 27, 2023, declaring Petitioner delinquent effective March 16, 2023. *Id.* at 22. Petitioner suggests that the record does not support that he was ever made aware of this delinquency action, as there is no mail date on the action and Inmate's address was "obviously" incorrect.[2] Inmate further argues that the supervision history "actually shows that agents of the Board were fully aware of [Inmate's] whereabouts from March 17 through at least May 16, 2023." Inmate's Brief at 7 (citing C.R. at 37). Inmate then notes:

> In addition to receiving notification on March 17, 2023, that [Inmate] was receiving treatment at Malvern Institute, the field agent received further confirmation that [Inmate] "completed Rehab on 4/11/2023" and subsequently re-entered treatment "from 4/14/2023 to 5/16/2023." (C.R. [at] 37). Documentation was received by the field agent on May 3, 2023, "from Malvern Institute that stated that [Inmate] was currently in Treatment and his dates of treatment are from 4/14/2023 to 5/16/2023." (C.R. [at] 37).

*Id.*

Inmate admits that during his second period of treatment at Malvern Institute he signed a "348 with Instruction to report to the [Harrisburg District

---

[2] Inmate's counsel does not elaborate on why the address was incorrect.

3

Office] Immediately upon his discharge" that was returned to his parole agent. Inmate's Brief at 7 (citing C.R. at 37). Additionally, Inmate does not dispute that he failed to report to the Harrisburg District Office upon discharge that resulted in a technical parole violation in June of 2023 for "failure to report as instructed." *Id.* (citing C.R. at 24). Yet, Inmate points out, the Board's response to his administrative appeal did not rely on this particular failure to report in its determination; rather, the Board relied solely on the fact the Inmate had previously been declared delinquent.

Inmate posits that:

> [I]t is a stretch to describe these circumstances as "absconding." The effective date of delinquency was listed as March 16, 2023, and the Board was made aware of [Inmate's] location in an in-patient treatment center *the very next day*. The supervision history outlines numerous additional contacts between the field agent, [Inmate], and treatment providers in the two-month period between March 16 and Petitioner's arrest on May 26, 2023. (C.R. [at] 37). Inmate submits that these circumstances do not amount to substantial evidence that he absconded from parole supervision, and do not justify the denial of credit for time spent at liberty on parole.

Inmate's Brief at 8 (emphasis in original).

The Board responds that Inmate is relying on "certain, carefully selected, portions of the record to make an argument that he really did not abscond from supervision." Board's Brief at 6. Per the Board, Inmate's argument is belied by the fact that he was recommitted as a TPV for failing to report as instructed. *See* C.R. at 24-26. Inmate admitted to this violation and offers no valid basis to collaterally attack the prior decision "or suggest that the Board could not rely on it when deciding whether to grant him credit after he was recommitted for . . . a new crime while at liberty on parole." Board's Brief at 7.

4

The Board emphasizes that, as of March 16, 2023, pursuant to instructions from his parole agent, Inmate was supposed to be enrolled in treatment at the Commonwealth Clinical Group; however, as of that date, Inmate's parole agent was unable to verify Inmate's location. The following day, the parole agent was notified by Commonwealth Clinical Group that Inmate was instead at Malvern Institute.

> Thereafter, [Inmate] contacted his agent on April 11, 2023, and stated he would come into the [p]arole [o]ffice. [Inmate] then contacted his agent on April 17, 2023, said he was sick and that he would report on April 18, 2023. However, as of the date of her April 25, 2023 report, [Inmate] stopped answering text messages and phone calls from his agent on April 17, 2023.
>
> On May 3, 2023, [Inmate's] agent received an email from the Malvern Institute indicating that he was currently in treatment through May 16, 2023. On May 11, 2023, [Inmate's] agent issued a written instruction to report to the parole office immediately upon discharge. [Inmate's] [parole] agent spoke to him via telephone on May 16, 2023, and he stated he would report. As of the date of her May 17, 2023 report, [Inmate] had not reported to the office as instructed, was wanted by parole supervision staff for failing to report, and was wanted in his criminal case for failing to attend his preliminary hearing. On May 26, 2023, [Inmate] was taken into custody by the Lancaster City Police Department based on the parole wanted [sic] notice and his failure to appear on new criminal charges.

Board's Brief at 7-8.

Simply put, the Board asserts that because the facts in this case reflect that Inmate removed himself from a rehab facility without permission, enrolled in a different rehab facility without permission, repeatedly refused to report as instructed, and was ultimately taken into custody as a fugitive because he was wanted by parole

staff and for failing to appear in a criminal case, it did not err in finding that Inmate was an absconder.

Based on our thorough review of the record, we do not believe that the Board abused its discretion in concluding that Inmate was a parole absconder. The record reflects that although Inmate may have made contact with his parole agent at various times, he did not *report as directed* in his parole conditions. Making contact with one's agent does not necessarily equate to reporting as instructed. Furthermore, the record contains numerous instances where Inmate's parole agent was unable to verify Inmate's location. Substantial evidence is such relevant evidence that a reasonable person might accept to support a conclusion. *Adams Outdoor Advertising, Ltd. v. Department of Transportation*, 860 A.2d 600, 605 n. 8 (Pa. Cmwlth. 2004). The record, particularly Inmate's "Supervision History," found in the Certified Record at page 37, provides such relevant evidence that a reasonable person could conclude that Inmate had absconded in violation of his parole conditions. Accordingly, we conclude the Board did not err in this respect.

Turning to Inmate's remaining argument, he asserts that contrary to the Board's conclusion, the record does not contain substantial evidence reflecting that his behavior "reflect[ed] domestic violence issues" warranting the denial of credit for time he spent at liberty on parole. Inmate emphasizes that none of the convictions or incidents giving rise to the instant recommitment decision stem from instances of domestic violence. Inmate points out that his initial conviction was related to drug charges and aggravated harassment of a prison officer while his new conviction related to driving under the influence. Moreover, Inmate notes, there is no indication in the record that he was ever convicted of domestic violence.

6

We agree with Inmate. Our exhaustive review of the record reveals that while Inmate may have had a history of domestic violence issues related to a prior state sentence, none of those instances of domestic violence occurred during the time period at issue in this case.[3] Furthermore, while Inmate appears to have had a brush with authorities related to a domestic "situation" during the relevant period before us, *see* C.R. at 37, no charges were ultimately filed. On this basis, we conclude that substantial evidence does not support the Board's conclusion that Inmate should be denied credit for time spent at liberty on parole based on a history of domestic violence.

In light of this determination, we reverse the Board's order to the extent it did not award credit to Inmate for the time that he spent at liberty on parole based on behavior that reflected domestic violence issues. This matter is remanded to the Board to consider whether Inmate's actions as a parole absconder alone warrant the denial of credit for his time at liberty on parole and for a recalculation, if necessary, of his parole violation maximum date.

MICHAEL H. WOJCIK, Judge

---

[3] Indeed, the hope is that during his time of incarceration, Inmate received sufficient treatment and counseling such that he has been rehabilitated from exhibiting such behavior.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daryl Allyn Bridgeman,        :
                                      :
            Petitioner   :
                                        :
           v.                   :  No. 1347 C.D. 2024
                                        :
Pennsylvania Parole Board,      :
                                      :
           Respondent :

O R D E R

AND NOW, this 5th day of February, 2026, the September 13, 2024 order of the Pennsylvania Parole Board (Board) is AFFIRMED in part and REVERSED and REMANDED in part for proceedings consistent with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge